**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 11-1459

UNITED STATES OF AMERICA,

Appellee,

v.

ANTONIO GARCÍA-LEÓN, a/k/a Gringo,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

Ernesto Hernandez-Milan on brief for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.

August 1, 2013

**Per Curiam**.  A jury convicted Antonio García-León of conspiracy and aiding and abetting possession with intent to distribute controlled substances.  García-León appeals his conviction on the grounds that the evidence at trial was insufficient to support the jury's verdict because the government's witnesses lied when they testified about his activities.  Aside from correcting a clerical error in the judgment as requested by the parties, we affirm the conviction.

## I. Background

This case involves a drug trafficking organization that operated in the Altos de Cuba Ward in Vega Baja, Puerto Rico.  A grand jury indicted García-León, along with seventy-three others, for his participation in the organization.  The indictment stated that García-León was a "runner," meaning that he was responsible for distributing narcotics to sellers and collecting the proceeds of drug sales.  García-León was charged with conspiracy and aiding and abetting possession with intent to distribute cocaine, crack cocaine, heroin, and marijuana within 1,000 feet of a school.

At trial, the government called three witnesses who testified that García-León had sold drugs in Altos de Cuba.  Each of these witnesses had been charged with crimes related to the drug trafficking organization, and each was promised that the prosecutor would recommend a lower sentence in exchange for their testimony.  At the close of the government's case, and again at the close of

evidence, García-León made both general and specific objections to the sufficiency of the government's evidence. The court denied the Rule 29 motions. The jury convicted both García-León and his co-defendant, and García-León appealed.[1]

On appeal, García-León abandons the two specific objections he made at trial to the sufficiency of the government's evidence.[2] He argues instead that the evidence against him was insufficient generally because it depended on incredible testimony from government witnesses.

## II. Analysis

The parties agree that the standard of review is de novo. We have previously explained that there are good reasons to treat a Rule 29 motion that raises both general and specific objections as preserving all sufficiency challenges for de novo appellate

---

[1]García-León's co-defendant, David Lopez-Ortiz, appealed separately. We permitted Lopez-Ortiz's counsel to withdraw because the appeal was frivolous, and we affirmed the conviction. See Anders v. California, 386 U.S. 738 (1967).

[2]Arguably, García-León's brief mentions his original argument: "[T]he grouping of numerous offenses through a given period of time does not constitute the establishment of an agreement between groups of individuals by itself for the entire span of the alleged offenses committed." Even if this oblique statement refers to the grounds for García-León's Rule 29 motion, it is not enough to consider the argument to have been adequately presented on appeal. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). In any event, the jury could have rationally credited the testimony of the government witnesses as directly implying that García-León intended to join and assist in the wider narcotic network in which he actually participated.

review.  See United States v. Marston, 694 F.3d 131, 134-35 (1st Cir. 2012).  Because García-León did precisely that and no party urges a different standard, we review the denial of García-León's Rule 29 motion de novo, construing the record evidence in the light most favorable to the verdict.  Id.

Although García-León asks us to hold that the government's witnesses did not tell the truth, we do not second-guess the jury's assessment of a witness's credibility.  United States v. Paret-Ruiz, 567 F.3d 1, 5 (1st Cir. 2009).  We have recognized a narrow exception to this rule for a cooperating accomplice's "facially incredible" uncorroborated testimony. United States v. Rosario-Diaz, 202 F.3d 54, 67 (1st Cir. 2000).

The testimony of the government's witnesses was not facially incredible.  García-León contends that these witnesses-- Alfredo Sierra, Xiomara Rosado-Pabón, and Jesus Robles-Santana-- testified that he sold drugs or acted as a runner from 1999 to 2008, which would be impossible because he was incarcerated at various times during that period, including the years 2003 and 2007.  García-León mischaracterizes the witnesses' testimony.  Each witness testified about specific times during that period when they saw García-León selling drugs (including times that he was out of jail), and times they did not.  For example, the witnesses testified that they did not see García-León in Altos de Cuba in 2007, which seems accurate because he was incarcerated then.  While

Sierra and Rosado-Pabón did testify incorrectly that García-León sold drugs in 2003, Rosado-Pabón stated that she had very little contact with him that year. Moreover, the witnesses corroborated each other's testimony on certain facts, such as the name of a brand of cocaine that García-León sold. The witnesses' mistakes (or even lies, if they were lies) regarding García-León's activities in 2003 do not make the rest of their testimony facially incredible.[3] See United States v. Washington, 434 F.3d 7, 14 (1st Cir. 2006) ("The testimony of the cooperating co-defendants was corroborated at trial, and [the appellant] has, at most, pointed out minor inconsistencies that fall far short of rendering the testimony facially incredible.").

One final point requires our attention. The parties agree that the judgment erroneously failed to indicate that García-León's terms of supervised release are to run concurrently. Accordingly, although we otherwise affirm, we return this matter to the district court for correction of the judgment.

### III. Conclusion

Because the jury was entitled to believe the government's witnesses, there was no error in the court's decision to deny a judgment of acquittal. Accordingly, we affirm the judgment, but

---

[3]García-León points out that the law-enforcement agents who testified at trial never saw him at the drug distribution points in 2007 and 2008. This is unremarkable; García-León was incarcerated then. The cooperating witnesses, on the other hand, testified that García-León sold drugs when he was free.

remand to the district court for correction of the judgment as to García-León's terms of supervised release.  **Affirmed and remanded**.